IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NOE NICOLAS GARZA, | § | |
| | § | |
| v. | § | C.A. NO. C-07-437 |
| | § | |
| DRUG ENFORCEMENT ADMIN. | § | |

### MEMORANDUM AND RECOMMENDATION TO DENY PLAINTIFF'S MOTIONS FOR DEFAULT JUDGMENT

Plaintiff filed a motion for the return of money and property that was seized. 42 U.S.C. § 405(g). Pending are plaintiff's motions for default judgment. (D.E. 6, 7).

For the reasons stated herein, it is respectfully recommended that plaintiff's motions for default judgment be denied.

### BACKGROUND

Plaintiff argues that defendant has failed to file an answer timely in the pending case within 60 days of being served with the complaint, and therefore, due to this failure the plaintiff is entitled to default judgment. An order for service of process was issued on November 8, 2007. (D.E. 2). The Attorney General of the United States and the United States Attorney for the Southern District of Texas received their summonses and motions on November 20, 2007. (D.E. 3, 4). On

January 18, 2008, defendant filed a response to plaintiff's motion for the return of property. (D.E. 5).

## DISCUSSION

As the Fifth Circuit has established, "the entry of default judgment is committed to the discretion of the district judge." Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977) (citation omitted); accord Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam). Furthermore, "[f]ederal courts generally disfavor default judgments, preferring to resolve disputes according to their merits." Harper MacLeod Solicitors v. Keaty & Keaty, 260 F.3d 389, 393 (5th Cir. 2001) (citations omitted); see also Lewis, 236 F.3d at 767.

Rule 55 of the Federal Rules of Civil Procedure establishes that "[a] default judgment may be entered against the United States, its officers or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court." Fed. R. Civ. P. 55(d); accord Mason, 562 F.2d at 345; Carroll, 470 F.2d at 255-56; see also Carroll v. Sec'y, Dep't of Health, Educ. & Welfare, 470 F.2d 252, 256 (5th Cir. 1972) (default judgment cannot be entered in favor of the claimant unless there has been a showing of substantial evidence to support the claimant's claim). In other words, there must be a sufficient basis in the pleadings for default

judgment to be entered.  Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).

Defendant filed a timely response to plaintiff's motion on January 18, 2008, as it was within sixty days when the Attorney General and the United States Attorney were served.  Accordingly, it is respectfully recommended that plaintiff's motions for default judgment be denied.

## **RECOMMENDATION**

For the foregoing reasons, it is respectfully recommended that plaintiff's motions for default judgment, (D.E. 6, 7), be denied.

Respectfully submitted this 5th day of February 2008.

_____
BRIAN  L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel.  Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court.  Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).