IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| NOE NICOLAS GARZA, | § | |
| | § | |
| v. | § | C.A. NO. C-07-437 |
| | § | |
| DRUG ENFORCEMENT ADMIN. | § | |

**MEMORANDUM AND RECOMMENDATION TO
DENY PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

Plaintiff filed a motion for the return of money and property that was seized. 42 U.S.C. § 405(g). Pending is plaintiff's motion for default judgment. (D.E. 14).

For the reasons stated herein, it is respectfully recommended that plaintiff's motion for default judgment be denied.

**BACKGROUND**

An order for service of process was issued on November 8, 2007. (D.E. 2). The Attorney General of the United States and the United States Attorney for the Southern District of Texas received their summonses and motions on November 20, 2007. (D.E. 3, 4). On January 18, 2008, defendant filed a response to plaintiff's motion for the return of property. (D.E. 5).

Plaintiff argues that defendant has failed to file an answer timely in the pending case within 60 days of being served with the complaint, and therefore, due to this failure the plaintiff is entitled to default judgment. (D.E. 14, at 1-2).

Specifically, he argues that a declaration by John Hieronymus, the DEA's Forfeiture Counsel, is untimely.  Id. at 2.  The declaration was executed on December 12, 2007.  Id. at 31.

Plaintiff alleges that it was not placed into the mail until January 30, 2007.  Id. at 2, 8.  He further asserts that he did not receive the defendant's response until February 4, 2008.  Id. at 2, 7.

## DISCUSSION

As the Fifth Circuit has established, "the entry of default judgment is committed to the discretion of the district judge."  Mason v. Lister, 562 F.2d 343, 345 (5th Cir. 1977) (citation omitted); accord Lewis v. Lynn, 236 F.3d 766, 767 (5th Cir. 2001) (per curiam).  Furthermore, "[f]ederal courts generally disfavor default judgments, preferring to resolve disputes according to their merits."  Harper MacLeod Solicitors v. Keaty & Keaty, 260 F.3d 389, 393 (5th Cir. 2001) (citations omitted); see also Lewis, 236 F.3d at 767.

Rule 55 of the Federal Rules of Civil Procedure establishes that "[a] default judgment may be entered against the United States, its officers or its agencies only if the claimant establishes a claim or right to relief by evidence that satisfies the court."  Fed. R. Civ. P. 55(d); accord Mason, 562 F.2d at 345; Carroll, 470 F.2d at 255-56; see also Carroll v. Sec'y, Dep't of Health, Educ. & Welfare, 470 F.2d 252,

256 (5th Cir. 1972) (default judgment cannot be entered in favor of the claimant unless there has been a showing of substantial evidence to support the claimant's claim). In other words, there must be a sufficient basis in the pleadings for default judgment to be entered. Nishimatsu Constr. Co. v. Houston Nat'l Bank, 515 F.2d 1200, 1206 (5th Cir. 1975).[1]

Defendant filed a timely response to plaintiff's motion on January 18, 2008, as it was within sixty days when the Attorney General and the United States Attorney were served. Moreover, defense counsel certified that a copy of the response "was" mailed first class to plaintiff. (D.E. 5, at 6). Although the certificate of service is undated, the plain meaning of the use of the past tense is that it was done on or before January 18, 2008. Plaintiff's motion with a copy of the postmark dated January 30, 2008 casts some doubt on defense counsel's certificate of service. Mailing the response on January 30, 2008 would make the response nine days late regarding service on plaintiff. See Fed. R. Civ. P. 5(b)(2); (D.E. 2).

---

[1] Neither party has filed a motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure. Pursuant to the order for service of process, either party may file a motion for summary judgment no later than Tuesday, May 20, 2008. (D.E. 2). Of course, a party may file such a motion sooner to expedite the matter. If a motion for summary judgment will not resolve these issues, then the Court will set the matter for trial.

However, even accepting that the response to plaintiff's motion was not timely served on plaintiff by nine days, he offers no support for his argument that default judgment is proper. Indeed, "[d]efault judgments are a drastic remedy, not favored by the Federal Rules and resorted to by courts only in extreme situations." Lewis, 236 F.3d at 767 (citation omitted). Plaintiff has not established that defendant's untimely serving of the response on him constitutes an extreme situation warranting default. See id. Furthermore, he has not met the burden for default against the United States and its agencies. See Fed. R. Civ. P. 55(d); accord Mason, 562 F.2d at 345; Carroll, 470 F.2d at 255-56.

## RECOMMENDATION

For the foregoing reasons, it is respectfully recommended that plaintiff's motion for default judgment, (D.E. 14), be denied.

Respectfully submitted this 26th day of February 2008.

_____
BRIAN L. OWSLEY
UNITED STATES MAGISTRATE JUDGE

## NOTICE TO PARTIES

The Clerk will file this Memorandum and Recommendation and transmit a copy to each party or counsel. Within **TEN (10) DAYS** after being served with a copy of the Memorandum and Recommendation, a party may file with the Clerk and serve on the United States Magistrate Judge and all parties, written objections, pursuant to 28 U.S.C. § 636(b)(1)(C); Rule 72(b) of the Federal Rules of Civil Procedure; and Article IV, General Order No. 2002-13, United States District Court for the Southern District of Texas.

A party's failure to file written objections to the proposed findings, conclusions, and recommendations in a magistrate judge's report and recommendation within TEN (10) DAYS after being served with a copy shall bar that party, except upon grounds of *plain error*, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court. Douglass v. United Servs. Auto. Ass'n, 79 F.3d 1415 (5th Cir. 1996) (en banc).